IN THE UNITED STATES BANKRUPTCY COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

```
                                )
IN RE                           )
                                )
EMIRATES, INC.,                 )   CASE NO. 09-30865-G3-11
                                )
        Debtor,                 )
                                )
```

## MEMORANDUM OPINION

The court has held a hearing on the "Motion of United States Trustee to Convert to Chapter 7" (Docket No. 178). The following are the Findings of Fact and Conclusions of Law of the court. A separate Judgment will be entered granting the motion. To the extent any of the Findings of Fact are considered Conclusions of Law, they are adopted as such. To the extent any of the Conclusions of Law are considered Findings of Fact, they are adopted as such.

### Findings of Fact

Emirates, Inc. ("Debtor") filed a voluntary petition under Chapter 11 of the Bankruptcy Code on February 3, 2009.

Suleman Ali, the sole shareholder of Debtor, who signed the petition on Debtor's behalf as its president, testified at the hearing on the instant motion that Debtor's primary asset was an office building, located at 3400 Montrose, Houston, Texas.

On March 2, 2009, Debtor filed a motion, seeking to use the cash collateral of FH Partners, LLC. After a hearing, the

court entered an interim order requiring Debtor to segregate the asserted cash collateral, and providing that Debtor may use the asserted cash collateral on an interim basis, subject to certain conditions and limits, for items listed in a budget attached to the order.  (Docket No. 42).  Counsel for Debtor and for FH Partners appeared at subsequent cash collateral hearings, and announced agreement to extend the interim order.  No further orders were entered addressing cash collateral.

On September 16, 2009, FH Partners gave notice that it no longer consented to Debtor's use of its asserted cash collateral.  (Docket No. 96).

On September 22, 2009, FH Partners moved for relief from stay.  (Docket No. 98).  After several agreed continuances, counsel for Debtor, FH Partners, Clay & Co., and 24th Street Investments appeared at a hearing on December 7, 2009, and announced an agreement.  The agreement, which was approved by order entered December 15, 2009, modified the stay to permit FH Partners to post the property for foreclosure on January 4, 2010 and conduct a foreclosure sale on February 2, 2010.  (Docket No. 160).

On January 26, 2010, Ali, individually, filed a motion to reinstate the automatic stay.  (Docket No. 166).  After a hearing, the motion to reinstate the stay was denied, without prejudice to the filing of an adversary proceeding to impose an

injunction.  (Docket No. 168).

On February 1, 2010, Ali commenced suit in state court, seeking a temporary restraining order enjoining the foreclosure sale set for February 2, 2010.  FH Partners immediately removed the suit to this court, and, after a hearing on February 2, 2010, this court denied the request for a temporary restraining order.

At the hearing on the instant motion, Ali testified that the foreclosure sale took place.  He testified that Debtor has operated the building since the petition date, and has collected rents, but has not turned over those rents to FH Partners.  He testified that Debtor had several accounts receivable on the petition date, at least some of which remain uncollected.

In the instant motion, the United States trustee seeks conversion to Chapter 7.  The motion is supported by FH Partners.

### Conclusions of Law

Section 1112(b)(1) of the Bankruptcy Code provides:

> Except as provided in paragraph (2) of this subsection, subsection (c) of this section, and section 1104(a)(3), on request of a party in interest, and after notice and a hearing, absent unusual circumstances specifically identified by the court that establish that the requested conversion or dismissal is not in the best interests of creditors and the estate, the court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, if the movant establishes cause.

11 U.S.C. § 1112(b)(1).

> Section 1112(b)(2) provides:
>
> The relief provided in paragraph (1) shall not be granted absent unusual circumstances specifically identified by the court that establish that such relief is not in the best interests of creditors and the estate, of the debtor or another party objects and establishes that-
>
>> (A) There is a reasonable likelihood that a plan will be confirmed within the timeframes established in sections 1121(e) and 1129(e) of this title, or if such sections do not apply, within a reasonable period of time; and
>>
>> (B) the grounds for granting such relief include an act or omission of the debtor under than under paragraph (4)(A)--
>>
>>> (i) for which there exists a reasonable justification for the act or omission; and
>>>
>>> (ii) that will be cured within a reasonable period of time fixed by the court.

11 U.S.C. § 1112(b)(2).

Courts consider the totality of the circumstances in determining whether there is cause for dismissal or conversion under Section 1112(b). See Matter of Atlas Supply Corp., 857 F.2d 1061 (5th Cir. 1988).

In the instant case, Debtor's primary asset has been foreclosed. Debtor has no business to reorganize. Debtor's incumbent management has possession of what is asserted to be cash collateral of a secured creditor, and has not turned over that collateral. Debtor has not collected accounts receivable. In the totality of the circumstances, the court concludes that cause exists for conversion.

Ali suggests that the instant case should be dismissed, rather than converted. In light of the uncollected accounts receivable, and the Debtor's retention of what is asserted to be cash collateral, the court concludes that conversion is in the best interests of creditors and the estate.

Based on the foregoing, a separate Judgment will be entered converting the above captioned case to Chapter 7.

Signed at Houston, Texas on this ___4th___ day of ___March___, 2010.

_/s/ Letitia Z. Paul_
LETITIA Z. PAUL
UNITED STATES BANKRUPTCY JUDGE